IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRIUS MACK, AIS 152355, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-CV-494-MHT-CSC ) |
| JOHNNY HARDWICK – JUDGE, et al., | ) ) ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.  INTRODUCTION**

Plaintiff, a state inmate, filed this pro se Complaint on August 16, 2023, using this Court's standard form for actions brought under 42 U.S.C. § 1983. Doc. 1. Plaintiff alleges he is serving an illegal sentence which was unlawfully and unconstitutionally enhanced based upon application of the "Habitual Felony Offender Act" and thus requests this "Court resentence [him] without "using this unlawful provision." *Id*. at 3. Plaintiff also requests that the Court dismiss all his charges, award him $100,000 for every year he has been imprisoned, and release him from custody. *Id*. at 4. After review and consideration of Plaintiff's filing, the undersigned RECOMMENDS this case be DISMISSED for the reasons set forth below.[1]

---

[1] The Complaint contains additional deficiencies not discussed herein, including that it names defendants not subject to suit under § 1983. Because analysis of the viability of Plaintiff's allegations challenging the validity of his detention in this § 1983 action is dispositive of the Complaint as a whole, the Court does not address any other deficiencies.

## II.     STANDARD OF REVIEW

Because Plaintiff was granted leave to proceed in forma pauperis (Doc. 21), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

2

## III.     DISCUSSION

"A claim is properly raised under § 1983 when an inmate challenges the circumstances of his confinement but not the validity of his conviction and/or sentence." *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (internal quotation marks and citation omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (explaining that a § 1983 action is a proper remedy for a state prisoner asserting a constitutional challenge to the conditions of his confinement but not to the fact or duration of his detention). Thus, a § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court clarified that prisoners "cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence," even if the prisoner is seeking injunctive relief.  Conversely, "habeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release." *McNabb*, 727 F.3d at 1344 (internal quotation marks and citation omitted); *Preiser*, 411 U.S. at 500. "Issues sounding in habeas are mutually exclusive from those sounding in a § 1983 action." *McNabb*, 727 F.3d at 1344.

Plaintiff argues his detention is unlawful because the state court sentenced him improperly as a habitual offender for which he expressly seeks his release from custody.[2] *Preiser* bars this claims because Plaintiff seeks a determination that he is serving an invalid sentence and should be released. 411 U.S. at 500l; *see also McNabb*, 727 F.3d at 1344.

Plaintiff also seeks damages resulting from his alleged unlawful imprisonment. This claim for damages is barred by *Heck* because Plaintiff's allegations center on the validity of the sentence on which he is incarcerated. Allowing Plaintiff to proceed would necessarily impugn the challenged sentence and run afoul of the *Heck* "favorable termination" rule. *Heck*, 512 U.S. 477. *See also Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Preiser*, 411 U.S. 475, 500 (1973). Incorporated with Plaintiff's complaint is his inmate summary which reflects he is serving a 23-year concurrent sentence for second degree burglary with a mandatory supervision release date of October 16, 2030. Doc. 1-1 at 1. Plaintiff has not demonstrated that this sentence has been invalidated.

---

[2] In the event Plaintiff seeks to present an equal protection claim on the ground that has not been afforded a reduction in his sentence like other "designated offenders" (Docs. 1, 17), he is entitled to no relief. To establish a claim of discrimination cognizable under the Equal Protection Clause, Plaintiff must, at a minimum, "demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination). Here, Plaintiff fails to meet his pleading burden as he does not allege that he was subjected to any adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. This is insufficient to state a plausible claim of discrimination.

As explained, in *Heck*, the Supreme Court held that claims challenging the legality of a conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). "It is irrelevant that [Plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citations omitted).

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's assertion of any § 1983 claim that would effectively constitute a collateral attack on the validity of his underlying sentence. *Heck*, 512 U.S. at 489; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995). As a result, to the extent Plaintiff's claim for damages implies his sentence is invalid, that claim is not cognizable under *Heck* and is subject to dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).

## IV.   CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's 42 U.S.C. § 1983 Complaint be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

5

2. This case be DISMISSED prior to service.

Further, it is ORDERED that by **December 11, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11TH CIR. R. 3-1.

Done, this 27th day of November 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE